**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEBBIE WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case No. 10-cv-0006-MJR** |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On January 4, 2010, Debbie White filed a *pro se* complaint in this Court seeking judicial review of a decision of the Commissioner of the United States Social Security Administration, pursuant to **42 U.S.C. § 405(g)**. White challenges the final decision of the Commissioner denying her claim for Social Security Disability under Title II, which governs the payment of Old-Age, Survivors, and Disability Insurance benefits, and for Supplemental Security Income benefits. With the complaint, White filed a motion for leave to proceed *in forma pauperis* in this Court (Doc. 2).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under the applicable statute, the Court must dismiss any such complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief from a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2).**

In the case at bar, White's allegation of poverty appears truthful; the action is neither

frivolous nor malicious; and the action does not seek monetary relief from an immune defendant.

But the current record does not permit the Court to determine whether the action fails to state a claim

upon which relief can be granted.  Specifically, the Court cannot tell from White's complaint if she

timely commenced this suit within 60 days of receiving notice of the Social Security

Administration's final adverse decision.  *See* **42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900-404.983;**

*Califano v. Sanders*, **430 U.S. 99, 101-02 (1977).**  The Court needs to answer this question before

it can properly rule on White's motion for pauper status.

Accordingly, the Court **RESERVES RULING** at this time on White's motion for

pauper status (Doc. 2).  White shall file a brief memorandum with the Court by January 26, 2010,

which plainly sets forth the date of the decision being challenged.  White is hereby **NOTIFIED** that

failure to file a memorandum by January 26 may result in dismissal of this action.

**IT IS SO ORDERED.**

**DATED this 5th day of January, 2010.**

 s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**